STATE OF MISSISSIPPI ET AL. *v.* AMOS WOODRUFF ET AL.

1. CHANCERY PLEADINGS. *Amendment. New parties. Statute of limitations.*

   New parties made defendants to an equity suit by an amended bill charging that they claim an interest in the land in controversy, cannot plead a statute of limitations not fully run when the suit was begun, if they acquired their interest pending the suit from an original defendant.

2. SAME. *Demurrer.*

   Such new parties defendant cannot set up by demurrer a statute of limitations not fully run when the suit was begun, in the absence of all showing in the pleadings as to how and under whom they claim the land in controversy.

3. SUPREME COURT OPINION AND JUDGMENT. *Former appeal. Effect not avoided by pleader's denunciation.*

   The opinion and judgment of the supreme court on a former appeal in a case cannot be avoided on return of the case to the court of original jurisdiction by an amendment of the pleadings charging that the opinion and judgment deprive the pleader of property without due process of law, deny him the equal protection of the law and impair his contract rights.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Woodruff and others, appellees, were complainants in the court below; the State of Mississippi and others, appellants, were defendants there. The object of the suit was to enforce a lien for several hundred thousand dollars on a large quantity of lands in the Yazoo and Mississippi Delta, the complainants claiming to be the owners of district No. 1 levee bonds, issued under laws 1871, pp. 1–57.

The case had twice before been in the state supreme court and once in the supreme court of the United States, and the

decisions thus made are reported, *Woodruff* v. *State*, 66 Miss., 298; *Woodruff* v. *State*, 77 Miss., 68; *Woodruff* v. *Mississippi*, 162 U. S., 291. The facts are fully stated in the last report of the case, 77 Miss., 68, to which reference is made. After the case had been to the supreme court of the state (66 Miss., 298), it was thence carried to the supreme court of the United States (162 U. S., 291), where it was remanded to the state supreme court, and the state supreme court, on its second hearing there (77 Miss., 68), remanded the cause to the state chancery court, the court of original jurisdiction. When the case was returned to the chancery court the complainants filed an amended bill, in which they attacked the opinion and judgment of the state supreme court, the one last made (77 Miss., 68), charging that the opinion and judgment deprived complainants of property without due process of law, denied them the equal protection of the law, and impaired their contract rights; the amended bill made new parties defendant, averring that these parties claimed an interest in the lands in controversy, showing that some of the new defendants had acquired, pending the suit, the interest of designated original defendants, but it did not show how or when other of the new defendants acquired the interest in the land which it was averred they were claiming.

All the defendants demurred to the amended bill, the new ones relying therein especially upon the statute of limitations, and defendants filed special demurrers to that part of the same which assailed the opinion and judgment of the supreme court in the case. The court below overruled the general demurrers, but sustained the special ones. The defendants appealed to the supreme court from the decree overruling the general demurrers, and the complainants prosecuted a cross-appeal from the decree sustaining the special demurrers.

*Frank Johnston, Mayes & Harris* and *Mc Willie & Thompson,* for appellants and cross-appellees.

*Green & Green,* for appellees and cross-appellants.

Argued orally by *T. A. Mc Willie* for appellants, and by *Marcellus Green* for appellees.

*WILLIAMSON, Special Judge, delivered the opinion of the court.

The amended bill, with the several exhibits filed as a part thereof, meets the ground of objection to the original bill sustained by this court on the former appeal, and furnishes a sufficiently definite description of the lands and the amount of taxes due thereon to the levee board No. 1 to require an answer from the defendants.

All the other grounds of the general demurrers filed by the defendants to the amended bill are the same grounds laid in the demurrer to the original bill and were passed on by this court in the opinion and judgment rendered on the former appeal of this case. We have carefully reconsidered that opinion and find no reason to modify it. The principles of law therein announced must govern the parties litigant and the lower court in the further progress of this cause.

It is charged in the amended bill that since the original bill was filed the Louisville, New Orleans and Texas Railroad Co. has been consolidated with the Yazoo & Mississippi Valley Railroad Co., and the interest in the lands described in the amended bill conveyed to the Louisville, New Orleans and Texas Railroad Co. has become that of the Yazoo & Mississippi Valley Railroad Co., and that the Illinois Central Railroad Co., The Union Trust Co., The United States Trust Co., The Delta Development Co., Edward H. Pardee and Albert Crolius each claim to have some interest in the land in controversy, the exact nature of which is unknown to complainants, and they are made parties to propound and defend any claim they have thereto.

If these new defendants acquired their interest in the land in controversy *pendente lite*, through any of the original defend-

---

*Judge Calhoon, having been of counsel in the case before his appointment to the bench, took no part in the decision of the cause, he recused himself and C. M. Williamson, Esq., a member of the supreme court bar, was appointed special judge and presided as such.

ants, the statute of limitations as to them would run only to the filing of the original bill. It is specifically alleged in the amended bill that the Yazoo & Mississippi Valley Railroad Co. has, since the original bill was filed, acquired an interest in the lands in controversy by consolidating with the Louisville, New Orleans & Texas Railroad Co., one of the original defendants. The statute, therefore, ceased to run against this interest when the original bill was filed. Likewise as to the interest of Illinois Central Railroad Co. and the other parties brought in for the first time by the amended bill, the statute ceased to run upon the filing of the original bill, if their interest in the lands was acquired from one or more of the original defendants after suit commenced. These parties are to plead or answer to a bill which charges that they make some claim to the lands in controversy between the complainants and the original defendants, the nature of which claim is unknown to complainants. If they make no claim to the lands a short answer would end the case as to them. We do not think, as contended by counsel, that the amended bill makes a new cause of action against these defendants. The averments of the bill, as amended, are sufficient to demand an answer or plea from them. The decree of the lower court overruling the general demurrers to the amended bill is correct.

The opinion rendered in this cause on the former appeal standing approved, it follows as "night the day," that the special demurrers to all that part of the amended bill which charges that said decision and judgment of this court deprives complainants of their property without due process of law; that they deny complainants the equal protection of the law and that they impair contract rights of complainants; and the special demurrers to all that part of the amended bill which consists of a mere reiteration, literally or substantially, of those statements and charges of the original bill which were considered and adjudged by this court in this cause adversely to complainants, should be sustained.

*The decree of the lower court is, therefore, affirmed upon both the appeal and cross-appeal, and the ·cause is remanded. Let the appellants pay the cost of this appeal to be taxed.*